**WO**                                                                                                           MDR

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Lee Patterson,<br><br>    Petitioner,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>    Respondents. | No. CV 08-655-PHX-SMM (HCE)<br><br>**ORDER** |

On April 3, 2008, Petitioner Charles Lee Patterson, who is confined in the Arizona State Prison Complex-Tucson in Tucson, Arizona, filed a "Motion for Delayed Petition, Pursuant to Rule 9(a), Rules Governing Section 2254 Cases" (Doc. #1). On April 7, 2008, Petitioner lodged a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #3) and filed an Application to Proceed *In Forma Pauperis* (Doc. #4).

The Court will deny the Motion for Delayed Petition, grant the Application to Proceed, direct the Clerk of Court to file the lodged Petition, and require Respondents to answer the Petition.

**I.     Motion for Delayed Petition**

In his Motion for Delayed Petition, Petitioner seeks an extension of time to file his § 2254 petition because prison authorities confiscated one of his legal boxes. He makes his

**TERMPSREF**

request pursuant to "Rule 9(a), Rules Governing Section 2254 Cases." Petitioner contends that his "one year deadline will be up April 4, 2008."

First, Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts does not contain a subsection (a). Second, Rule 9 applies when a petitioner wants to present a second or successive petition. In his Petition, however, Petitioner declares under penalty of perjury that he has not previously filed a habeas petition in federal court regarding the convictions he is challenging in his Petition.

Third, Petitioner also declares that his Petition was placed in the prison mailing system on April 3, 2008. Because a habeas petition is deemed filed when handed by the prisoner to a prison official for forwarding to the court, see Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003), Petitioner's Petition would be timely, without an extension of time, **if** his calculation of his statute of limitations is correct.[1]

Therefore, the Court will deny the Motion for Delayed Petition. However, the Court will direct the Clerk of Court to file the lodged Petition.

**II.    Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**III.   Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR2004-035427, of armed robbery and resisting arrest. Petitioner was convicted in Maricopa County Superior Court, case #CR2004-039033, of armed robbery and robbery. He was sentenced to a combination of concurrent and consecutive sentences totaling 16.75 years' imprisonment. In his Petition, Petitioner names Dora Schriro as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner raises six grounds for relief.

---

[1] At this time, the Court reaches no conclusion as to whether Petitioner's calculation is correct or, if it is not, whether equitable tolling is available.

1    In Ground One, Petitioner asserts that the trial court gave Petitioner erroneous advice
2 at the change of plea hearing, in violation of Petitioner's rights to due process and equal
3 protection.  In Ground Two, Petitioner contends that the trial court erred by aggravating
4 Petitioner's sentence by "using the dangerousness twice on the armed robbery charges, and
5 by giving consecutive sentence on [the] resisting arrest charge." Petitioner contends that this
6 violated his rights to due process, equal protection, and a jury trial, and violated the
7 prohibitions against double jeopardy and cruel and unusual punishment.

8    In Ground Three, Petitioner claims a violation of his rights to due process and equal
9 protection because the trial court lacked jurisdiction to sentence him and erred by letting
10 Petitioner's attorney state the factual basis for the pleas.  In Ground Four, Petitioner claims
11 a violation of his rights to due process, equal protection, and a jury trial because the trial
12 court erred by failing to inform Petitioner of his constitutional right to have a jury "determine
13 the facts to aggravate his sentence."

14    In Ground Five, Petitioner alleges a violation of his rights to due process and equal
15 protection because the sentencing minute entry failed to give Petitioner presentence
16 incarceration credit for the resisting arrest charge.  In Ground Six, Petitioner asserts a
17 violation of his Sixth Amendment rights because he received ineffective assistance of
18 counsel.

19    Petitioner claims that he presented all of his grounds to the Arizona Court of Appeals.
20 The Court will require Respondents to answer the Petition.  28 U.S.C. § 2254(a).

21 **IV.   Warnings**

22    **A.   Address Changes**

23    Petitioner must file and serve a notice of a change of address in accordance with Rule
24 83.3(d) of the Local Rules of Civil Procedure.  Petitioner must not include a motion for other
25 relief with a notice of change of address.  Failure to comply may result in dismissal of this
26 action.

27 . . . .

28 . . . .

TERMPSREF

- 3 -

**B.     Copies**

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

**C.     Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS HEREBY ORDERED:**

(1)     Petitioner's "Motion for Delayed Petition" (Doc. #1) is **denied**.

(2)     Petitioner's Application to Proceed *In Forma Pauperis* (Doc. #4) is **granted**.

(3)     The Clerk of Court must **file** the lodged Petition (Doc. #3).

(4)     The Clerk of Court must serve a copy of the Petition (Doc. #3) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(5)     Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

1  (6) Petitioner may file a reply within 30 days from the date of service of the
2 answer.
3  (7) This matter is referred to Magistrate Judge Hector C. Estrada pursuant to Rules
4 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and
5 recommendation.
6  DATED this 28th day of April, 2008.

_____
Stephen M. McNamee
United States District Judge